11-2792
Liu v. Holder

BIA
A072 485 204

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
        ROBERT D. SACK,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

XING-GUO LIU, AKA XIAN KUO LIU,
AKA TAK CHAI LIN,
        *Petitioner,*

      v.                11-2792
                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Cora J. Chang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                             General; Carl H. McIntyre, Jr.,
                             Assistant Director; Linda Y. Cheng,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing-Guo Liu, a native and citizen of the People's Republic of China, seeks review of a June 28, 2011, decision of the BIA denying his motion to reopen. *In re Xing-Guo Liu*, No. A072 485 204 (B.I.A. June 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). There is no dispute that Liu's motion to reopen was untimely because it was filed more than seven years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(I).

However, time limitations on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008); *Jin Bo Zhao v. INS*, 452 F.3d 154, 159

2

(2d Cir. 2006). An individual seeking equitable tolling is required to demonstrate, *inter alia*, "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid*, 533 F.3d at 130-32. Moreover, to prevail on an ineffective assistance of counsel claim, the alien must comply with certain procedures laid out by the BIA in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005).

The BIA did not abuse its discretion in denying reopening. Liu did not comply with the procedural requirements enumerated in *Matter of Lozada*, as Liu failed to submit affidavits setting forth his agreements with two of his former attorneys, proof that he had notified his former attorneys of the allegations of ineffective assistance and allowed them an opportunity to respond, or proof that he had filed disciplinary complaints alleging violations of ethical or legal obligations against his former attorneys. *See Twum*, 411 F.3d at 59 (citing *Matter of Lozada*, 19 I&N Dec. at 639); *see also Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) ("[A]n

3

alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court.").

Additionally, even assuming compliance with *Lozada* as required to obtain reopening, the BIA did not abuse its discretion in denying the motion as untimely and declining to equitably toll the filing deadline. As the BIA found, Liu failed to demonstrate that he exercised due diligence in pursuing reopening based on a claim of ineffective assistance of counsel. *See Rashid*, 533 F.3d at 132. The personal statement that Liu submitted in support of reopening shows that Liu was aware, or should have been aware, of the ineffective assistance at least seven years prior to the filing of his motion given that the immigration consulting service failed to prepare an accurate asylum application, and his former attorneys failed to amend his application and/or to indicate at any point during his proceedings that he had been forcibly sterilized in China. *See id.* Liu's alleged ignorance of the law did not prevent him from recognizing this defective conduct prior to the filing of his motion. *Id.* at 132 n.3 (recognizing that "even an alien who is unfamiliar with the technicalities of

4

immigration law can, under certain circumstances, be expected to comprehend that the has received ineffective assistance without being explicitly told so by an attorney"). Accordingly, because Liu was aware, or should have been aware, of the alleged ineffective assistance by the time his proceedings concluded he did not exhibit the type of diligence required for equitable tolling and the BIA did not abuse its discretion by denying his motion as untimely. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (finding petitioner who waited eight months to file motion to reopen after discovering ineffective assistance of former counsel did not demonstrate due diligence); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (finding a lack of due diligence when petitioner failed to investigate status of appeal for approximately two years).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk